IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MONTE DECARLOS WINSTON,

    Petitioner,

v.                               Civil Action No. 3:14CV182

UNITED STATES ATTORNEY GENERAL,

    Respondent.

**MEMORANDUM OPINION**

By Memorandum Opinion and Final Order entered August 1, 2013, the Court dismissed Monte DeCarlos Winston's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] for abuse of the writ. Winston v. U.S. Att'y. Gen., No. 3:12CV172, 2013 WL 3967292, at *4 (E.D. Va. Aug. 1, 2013). Winston has abused the writ by filing at least three 28 U.S.C. § 2241 Petitions challenging the execution or calculation of his federal and

---

[1] That statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless—
    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)-(3).

state sentences. See id. Because of Winston's history of abusive filings, the Court placed certain prefiling restrictions on any new action challenging the calculation or execution of his sentence. Id. Specifically, the Court directed:

> 7. From this point forward, before the Court will review any new action challenging the calculation or execution of his sentence, Winston must do the following:
> a. Provide a brief summary of why the ends of justice warrant consideration of his submission and attach the summary to the front of any filing; and,
> b. Certify that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court and set forth why each claim could not have been raised in one of his previous actions.
> Winston's failure to comply with the above directives will result in summary dismissal of the new action.

Id.

Winston has filed a new 28 U.S.C. § 2241 petition. Winston's instant § 2241 petition is yet another attempt to challenge the Bureau of Prison's ("BOP") execution of his sentence recast as a challenge to "the validity of the ad prosequendum writ" to gain custody of Winston. (§ 2241 Pet. 7-9.) Winston "want[s] the court to determine whether the ad prosequendum writ used to secure Petitioner's custody was valid, or not valid." (Id. at 9.)

Case 3:14-cv-00182-REP-MHL Document 5 Filed 04/10/14 Page 3 of 3 PageID# 23

The Court views the arguments raised in Winston's current § 2241 Petition as yet another attempt to challenge to the execution of his sentence. Winston has failed to comply with the certification requirements outlined in the Court's August 1, 2013 Memorandum Opinion and Order. Accordingly, Winston's § 2241 Petition will be denied and the action will be dismissed.

Winston also filed a Motion for Change of Venue (ECF No. 2). Winston requests a change of venue and explains that "[a] direct conflict of interest arises, because a number of court officers out of this district court have a direct interest in this writ issue not being reviewed on the merits." (Mot. Change Venue 1.) Winston has not established that a change of venue is appropriate, and his Motion for Change of Venue (ECF No. 2) will be denied. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Winston.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: April 10, 2014
Richmond, Virginia

3